UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10562-RGS

DAVID SCOTT HOWARD

v.

SCOTT E. ANDERSON

MEMORANDUM AND ORDER ON
RESPONDENT'S MOTION TO DISMISS

May 10, 2011

STEARNS, D.J.

Respondent Scott Anderson, named as the acting superintendent of Massachusetts Correctional Institution – Shirley, moves to dismiss David Scott Howard's petition for writ of habeas corpus. Anderson argues that the petition is time-barred by 28 U.S.C. § 2244(d)(1), the statute of limitations for state habeas corpus petitions filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the statute, Howard had one year from the date on which "the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review" to file his petition with this court. The Massachusetts Supreme Judicial Court (SJC) denied Howard's application for further appellate review on April 23, 1999. His conviction became final ninety (90)

days later, on July 22, 1999 (the date on which the window for filing a petition for writ of certiorari to the United States Supreme Court closed). Accordingly, Howard had until July 22, 2000, to file a petition for habeas relief. *See Lattimore v. Dubois*, 311 F.3d 46, 53 (1st Cir. 2002) (when a limitations period is measured in years, the last day for instituting an action is on the anniversary of the commencement of the limitations period). Howard did not file this petition until April 6, 2011.

While equitable tolling is available, the doctrine applies only where a petitioner has diligently pursued his rights and that some "extraordinary circumstance stood in his way." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010). *See also Lawrence v. Florida*, 549 U.S. 327, 335 (2007) (equitable tolling applies only in the face of an "exceedingly rare inequity that Congress almost certainly was not contemplating" when it imposed the one-year limit). The burden rests with a petitioner to establish a basis for equitable tolling. *See Riva v. Ficco*, 615 F.3d 35, 39 (1st Cir. 2010). Howard's petition sets out a litany of garden-variety claims of trial error, most of which were aired in Howard's motion for a new trial filed in the state court on July 24, 2008. These were rejected by a Justice of the Superior Court on August 6, 2009. The Massachusetts Appeals Court affirmed on October 27, 2010, and the SJC denied further review on December 23, 2010. In the absence of statutory tolling or any showing of equitable tolling, the one year federal habeas limitation period applies and

the petition is filed eleven years too late, irrespective of the proceedings involving the dilatory motion for a new trial. *See Lattimore*, 311 F.3d at 53-54 (a petition filed even one day late for statute of limitations purpose must be dismissed as untimely).

ORDER

For the foregoing reasons, Anderson's petition for writ of habeas corpus is DISMISSED with prejudice. The Clerk will now close the case.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE